# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**KEITH WILLIAM RYCHLIK,**

    **Plaintiff,**

v.                                                                         Case No. 2:18-cv-00003

**KANAWHA COUNTY COURTHOUSE,**

    **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This civil action is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## RELEVANT PROCEDURAL HISTORY

On January 2, 2018, while incarcerated at the South Central Regional Jail in Charleston, West Virginia, the plaintiff filed a Complaint under 42 U.S.C. § 1983 (ECF No. 2) and an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). The Complaint alleges, in a conclusory manner, that "Kanawha County Courthouse staff are very rude and very disrespectful" and that the plaintiff has "been set up 2 time[s] in the court house" and "they have been taking [advantage] of me . . . ." (ECF No. 2 at 4). The Complaint further states:

> They violate my amendment of my disability right and the judge refused to read the police report they put me in jail for 25 months for nothing no evidence of nothing on my ex girl saying I rape her that is a lie and beat on her that is a lie they are putting word in my mouth that not true and they

are refusing to show me pic of black and blue on my girl.

(*Id.* at 5). The relief section of the Complaint states as follows:

> To understand me and my disability I'm a handicapp [sic; handicapped] person and work with me. I'm a very emotional guy. I been hurt and us and been taking [sic; taken] [advantage] day one I exit the court house of Kanawha County. I'm deaf in both ear[s] I have a hearing aid on the left side ear. I'm 100% deaf in the right side.

(*Id.* at 5).

The plaintiff's Complaint names only the Kanawha County Courthouse, which is not a suable entity, as a defendant. The Complaint does not allege any specific conduct against particular persons. Accordingly, the undersigned is filing this Proposed Findings and Recommendation recommending that the presiding District Judge dismiss the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, for failure to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), the court is obliged to screen each case in which a plaintiff is proceeding *in forma pauperis*, and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Pursuant to 28 U.S.C. § 1915A, a similar screening is conducted where a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A. In the instant case, both statutes are applicable.

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if,

viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> \* \* \*
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **ANALYSIS**

The Kanawha County Courthouse is not a suable entity; rather, it is just a building. In order to state a plausible claim for relief under 42 U.S.C. § 1983, the plaintiff must allege specific factual allegations against a person acting under color of state law and allege what statutory or other federal law the plaintiff claims that person has violated.

3

The plaintiff herein has not identified any legal basis for his claims or any specific facts to support such claims. Accordingly, he has failed to state any plausible claim for relief in this federal court.

Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and the dicatates of *Twombly* and *Iqbal*, and **DENY AS MOOT** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs (ECF No. 3).

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.[1]

May 30, 2018

Dwane L. Tinsley
United States Magistrate Judge

---

[1] A search of the online databases for the WVRJCFA and the West Virginia Division of Corrections indicates that the plaintiff is no longer in custody in the State of West Virginia. The plaintiff separately filed motions to transfer or change venue in which he indicated that he would soon be moving back to the State of New York. The plaintiff's Complaint lists an address in Central Islip, New York as an alternative address. The Clerk is **DIRECTED** to mail this Proposed Findings and Recommendation and other orders filed herein to that address.

5